Anne Cohen, OSB #062405
Email: acohen@smithfreed.com
Sharlei Hsu, OSB #120982
Email: shsu@smithfreed.com
SMITH FREED & EBERHARD, P.C.
111 SW 5th Avenue, Suite 4300
Portland, OR 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535
Attorneys for Defendant Victaulic Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AVENUE LOFTS CONDOMINIUMS OWNERS' ASSOCIATION, an Oregon nonprofit corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>VICTAULIC COMPANY a foreign corporation,<br>　　　　　　Defendant.<br><hr>VICTAULIC COMPANY, a foreign corporation,<br><br>　　　　　Third-Party Plaintiff,<br>　v.<br><br>SEAL DYNAMICS, a Florida Corporation; and F&S DISTRIBUTORS, INC., a New Jersey Corporation,<br><br>　　　　　Third Party Defendants. | Case No. 3:13-cv-01066-BR<br><br>**MEMORANDUM IN SUPPORT OF VICTAULIC COMPANY'S MOTION FOR CENTRALIZED PRE-TRIAL PROCEEDINGS OF THE FOLLOWING MATTERS:**<br><br>　1. *Avenue Lofts Condominium Owners' Association v. Victaulic*, Case No. 3:13-cv-01066-BR;<br><br>　2. *Benson Towers Condominium Owners Association v. Victaulic*, Case No. 3:13-cv-0101SI; and<br><br>　3. *Edge Lofts Master Condominium Association v. Victaulic*, Case No. 3:13-cv-00492-MO<br><br>**EXPEDITED HEARING REQUESTED** |

MEMORANDUM IN SUPPORT OF VICTAULIC COMPANY'S MOTION FOR
CENTRALIZED PRE-TRIAL PROCEEDINGS - Page 1

208i32
SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

Defendant Victaulic Company ("Victaulic") respectfully seeks an Order centralizing pre-trial proceedings in the following three cases currently pending in the District Court of Oregon:

1. *Avenue Lofts Condominium Owners' Association v. Victaulic,* Case No. 3:13-cv-01066-BR

2. *Benson Towers Condominium Owners Association v. Victaulic,* Case No. 3:13-cv-0101SI; and

3. *Edge Lofts Master Condominium Association v. Victaulic,* Case No. 3:13-cv-00492-MO

These cases involve one or more common questions of fact and law. As explained further below, Victaulic anticipates that many similar (if not identical) issues will be presented in the discovery/pre-trial phases of each of the three cases. Victaulic seeks centralized pre-trial handling of these cases before a single judge in the interest of judicial economy and efficiency. Victaulic is of the position that centralized pre-trial handling of these cases is necessary to eliminate the possibility of duplication of discovery, prevent inconsistent pretrial rulings, and economize judicial effort. Centralized pre-trial handling of these cases would best serve the parties to these matters, as well as the Court.

For clarity, Victaulic is <u>not</u> requesting that these matters be formally consolidated for trial or even for discovery. Victaulic's motion is limited to an order for centralized pre-trial handling of these cases before Judge Mosman or another judge in Portland to be chosen by the Chief Judge for the District of Oregon.

Because of the nature of this request, Victaulic is in the process of filing the identical motion in each of the three matters at issue. Victaulic also will file copies of each of these motions with the Chief Judge for the District of Oregon.

MEMORANDUM IN SUPPORT OF VICTAULIC COMPANY'S MOTION FOR
CENTRALIZED PRE-TRIAL PROCEEDINGS - Page 2

208132
SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

## FACTUAL BACKGROUND

Victaulic manufactures and supplies pipe joining solutions and plumbing components. Victaulic is currently a defendant in the three suits listed above. In each suit, the respective plaintiffs are condominium associations located in Portland, Oregon. The respective operative complaints in these matters are attached as Exhibits 1–3.

The respective plaintiffs each seek damages from Victaulic for plumbing components they allege are defective. Id. Each suit contains allegations that components manufactured and supplied by Victaulic and installed in the respective Condominiums contain EPDM that is deteriorating or degrading. Id. Plaintiffs contend that the EPDM is causing damage to the respective Condominiums. Id. Absent the fact that each of the cases involves a different plaintiff (and therefore a different building), the claims asserted in the respective operative complaints are virtually identical. Id. Each plaintiff asserts claims for strict products liability, negligence, breach of express warranty, breach of the Consumer Warranty Act, unfair trade practices, fraud and negligent misrepresentation. Id.

As far as Victaulic is aware, identical Victaulic gaskets and components are at issue in the three cases. Each case includes Victaulic couplings, gaskets and valves alleged to contain EPDM rubber.

On information and belief, two of the three cases (*Edge Lofts* and *Avenue Lofts*) also include claims involving Victaulic's Pressfit® product. These products contain EPDM o-rings that were supplied by Victaulic by third-party suppliers, F&S Distributors, Inc. ("F&S") and Seal Dynamics. However, all of the EPDM rubber at issue (whether Victaulic gaskets or third-party o-ring suppliers, is alleged to have been designated by Victaulic as "grade E."

MEMORANDUM IN SUPPORT OF VICTAULIC COMPANY'S MOTION FOR CENTRALIZED PRE-TRIAL PROCEEDINGS - Page 3

208132
SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

Each of the plaintiffs are represented by the same local counsel in the various cases. Victaulic is represented in each of the three matters by the undersigned. Victaulic anticipates that F&S and Seal Dynamics will be represented by the same respective counsel in both *Edge Lofts* and *Avenue Lofts*. Cohen Declaration. Victaulic filed its Third-Party Complaint in *Avenue Lofts* on July 23, 2013 and is in the process of serving F&S and Seal Dynamics. Counsel has been in contact with counsel for F&S and Seal Dynamics in the process.

The timing of the three cases is as follows:

The *Edge Lofts* matter was filed first. It was filed on March 22, 2013. It is currently in front of the Hon. Judge Mosman. A discovery order has been issued by Judge Mosman and is attached as Exhibit 4. Trial in *Edge Lofts* is currently scheduled for May 27, 2014.

*Benson* and *Avenue Lofts* were recently filed on June 17, 2013 and June 25, 2013, respectively. Victaulic accepted service of both these suits on July 15, 2013. It is not anticipated that the schedule of discovery for *Benson* or for *Avenue Lofts* would be delayed by centralization of the pre-trial handling of the three matters. To the contrary, centralizing the matters could allow the parties to expedite discovery by potentially eliminating the need to re-brief the same discovery issues in each of the different cases.

## AUTHORITY

The Court has the inherent power to manage and to control its docket. *See Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936), *also see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir.2010). "The inherent powers are mechanisms for 'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Id.*, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991)).

MEMORANDUM IN SUPPORT OF VICTAULIC COMPANY'S MOTION FOR
CENTRALIZED PRE-TRIAL PROCEEDINGS - Page 4

208i32
SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

A district court possesses inherent power to control its docket, so long as power is exercised in a manner consistent with rules and statutes. *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998) "A district court possesses inherent power over the administration of its business.". *Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir.1995)

The importance of judicial efficiency has been recognized by many jurisdictions as a fundamental tenet of the Courts. Judicial efficiency may be even taken into consideration by the Courts when considering the substantive rights of the parties in a variety of circumstances. See *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1316 (C.A.Cal., 1981) (considering judicial efficiency for the purposes of determining whether to grant an interlocutory appeal in Title VII matter.) The Court in *Bradshaw* explained,

> "There is also a legitimate concern over the potential misallocation of judicial resources. Justice Frankfurter observed of the final judgment rule: "This requirement has the support of considerations generally applicable to good judicial administration. It avoids the mischief of economic waste and of delayed justice." *Radio Station WOW, Inc. v. Johnson*, 326 U.S. 120, 124, 65 S.Ct. 1475, 1478, 89 L.Ed. 2092 (1945).

*Id.*

The importance of judicial efficiency and economy has been recognized by the legislature which enacted 28 U.S.C.§ 1407 to allow for centralized pre-trial handling of matters filed in different districts. The statute empowers the Judicial Panel on Multidistrict Litigation (JMPL) to centralize cases that present common cases of fact and law in a single district for pretrial proceedings.

In these three matters, there is no need for a multi-district panel because all of the cases are pending in the District of Oregon. The centralization of these matters in front of a single judge for pre-trial processing should not affect any of the parties' substantive rights because it is clear that Oregon law applies to each of these cases. However, the centralization of these matters in front of a single judge will allow the parties to avoid repetition of effort with respect to the

MEMORANDUM IN SUPPORT OF VICTAULIC COMPANY'S MOTION FOR CENTRALIZED PRE-TRIAL PROCEEDINGS - Page 5

208i32
SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

discovery issues that have occurred in *Edge Lofts,* and are expected to occur in *Benson* and *Avenue.* It will likely allow the parties to address only once the myriad issues that are expected to occur in all three cases in the future.

These may include:

- The timing and production of documents.
- The manner in which documents are to be produced.
- The timing and production of physical evidence.
- Whether an e-discovery order is warranted.
- The protocol for destructive testing of the EPDM at issue in this matter.
- Distribution of data from any destructive testing of the EPDM at issue.
- The scope of a protective order and/or non-disclosure agreement.
- Challenges to a 'confidential' designation of documents by any party pursuant to a protective order.
- Motions to dismiss pursuant to FRCP 12.
- Motions for summary judgment.
- Motions to evaluate expert testimony pursuant to FRE 702, *Daubert,* 509 U.S. at 591, 113 S.Ct. 2795, and related cases.

There are discovery motions currently pending before Judge Mosman in *Edge Lofts,* including Victaulic's Motion to Dismiss, Plaintiff's Motion for Entry of an E-Discovery Order, and Victaulic's Motion for a Protective Order/ Non-Disclosure Agreement. These motions are set to be heard August 1, 2013.

Centralization of the above-listed issues and other issues that may arise during the discovery and pre-trial phases in these matters would allow the parties to forego filing the same motions in each case, absent some distinguishing factual issue. This will make for efficient use

MEMORANDUM IN SUPPORT OF VICTAULIC COMPANY'S MOTION FOR CENTRALIZED PRE-TRIAL PROCEEDINGS - Page 6

208i32

SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

of the Court's time, and will likely save all of the parties (and the Court) money. It will also allow the parties and the Court to avoid the potential for inconsistent rulings on the same issue by various judges.

Since each case includes a different plaintiff and a different physical Condominium and plumbing system, there will certainly be some factual differences between the cases. The buildings were built at different times and likely contain different pumps, boilers and other mechanical equipment. As Victaulic does not seek to consolidate the cases themselves, these differences should not be an obstacle to centralization.

Given the number of factual and legal questions in common, the breadth of discovery issues that have already arisen in *Edge Lofts,* and the number of issues that are expected to arise, centralizing the cases will make for efficient use of the Court's time, and decrease the time and costs to the parties to litigate these matters.

## CONCLUSION

Centralized pre-trial handling of these cases would eliminate the possibility of duplication of discovery disputes, prevent inconsistent pretrial rulings, and economize judicial effort. It would also best serve convenience of parties to these matters, as well as the Court while promoting just and efficient conduct of litigation.

Dated this 24th day of July, 2013.

SMITH FREED & EBERHARD, PC

By: *s/Anne Cohen*
Anne Cohen, OSB #062405
Email:  acohen@smithfreed.com
Sharlei Hsu, OSB #120982
Email: shsu@smithfreed.com
Of Attorneys for Defendant Victaulic Company

Trial Attorney: Anne Cohen, OSB #062405

MEMORANDUM IN SUPPORT OF VICTAULIC COMPANY'S MOTION FOR
CENTRALIZED PRE-TRIAL PROCEEDINGS - Page 7

208132

SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535