Michelle K. McClure, OSB #953520
mmcclure@lbblawyers.com
Stuart K. Cohen, OSB #851738
scohen@lbblawyers.com
LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR 97201
Telephone: (503) 224-4100
Facsimile: (503) 224-4133

Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **AVENUE LOFTS CONDOMINIUMS OWNERS' ASSOCIATION**, an Oregon nonprofit corporation; **EDGE LOFTS CONDOMINIUM ASSOCIATION**, an Oregon nonprofit corporation, <br><br> Plaintiff, <br> v. <br><br> **VICTAULIC COMPANY**, a foreign corporation, <br><br> Defendant. <br> _____/ <br><br> **VICTAULIC COMPANY**, a foreign corporation, <br><br> Third-Party Plaintiff, <br> v. <br><br> **SEAL DYNAMICS**, a Florida corporation; and **F&S DISTRIBUTORS, INC.,** a New Jersey corporation, <br><br> Third-Party Defendants. <br> _____/ | Case No. 3:13-cv-01066-BR <br><br> Plaintiff Avenue Lofts Condominiums Owners' Association's **RESPONSE IN OPPOSITION TO VICTAULIC COMPANY AND F&S DISTRIBUTORS, INC.'S MOTIONS FOR CENTRALIZED PRE-TRIAL PROCEEDINGS** <br><br> **Telephonic Oral Argument** <br> Date: August 7, 2013 <br> Time: 12:00 p.m. <br> Judge: Hon. Michael W. Mosman |

Page 1 -   RESPONSE IN OPPOSITION TO VICTAULIC COMPANY AND F&S DISTRIBUTORS, INC.'S MOTIONS FOR CENTRALIZED PRE-TRIAL PROCEEDINGS*Avenue - Mtn for Cent Proc - Opposition (8-1-13).13160-002*

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

Plaintiff Avenue Lofts Condominiums Owners' Association, an Oregon non-profit corporation (hereinafter "Plaintiff") respectfully requests that the Court deny Defendant/Third-Party Plaintiff Victaulic Company's (hereinafter "Victaulic") Motion for Centralized Pre-Trial Proceedings [D.E. 9] and Third-Party Defendant F&S Distributors, Inc.'s (hereinafter "F&S") Motion for Centralized Pre-Trial Proceedings [D.E. 16] for the reasons stated below.

While it is not entirely clear exactly what Victaulic proposes to be "centralized," it is clear that what Victaulic proposes is entirely unworkable. Victaulic asserts that there are issues that may arise that merit a decision by a single judge. Victaulic claims that this centralized process will avoid "duplication of discovery disputes" and would "economize judicial efforts." Victaulic claims that "centralization" will "expedite discovery" but it does not seek to formally consolidate the cases for discovery or trial. At the same time, Victaulic argues that these separate cases "will certainly have some factual differences." Thus, it is left unstated what is to be "centralized" and how that will save costs or promote judicial economy.

It is also clear that what Victaulic proposes will prejudice the individual plaintiffs in these cases. Either the Edge discovery and trial will be delayed to allow the other two cases to move forward, or the Benson and Avenue cases will be prejudiced by a shortened time for discovery and motion practice.

## BACKGROUND

The three cases presently pending in the United States District Court for the District of Oregon are separate cases involving different buildings constructed at different times. The cases were filed at different times, involve different parties and are assigned to different District Court

Page 2 -   RESPONSE IN OPPOSITION TO VICTAULIC COMPANY AND F&S DISTRIBUTORS, INC.'S
           MOTIONS FOR CENTRALIZED PRE-TRIAL PROCEEDINGS*Avenue - Mtn for Cent Proc - Opposition (8-1-13).13160-002*

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

Judges. Each case is subject to separate Case Scheduling Orders and is proceeding on different discovery tracks.

1. The <u>Edge Lofts Master Condominium Association v. Victaulic</u> case (the "<u>Edge</u> case") has a date certain trial date set to begin on May 27, 2014. All discovery and motion cut-off dates have been set by Judge Mosman with, <u>inter alia</u>, a fact discovery cut-off of November 1, 2013.

2. Counsel in <u>Benson Tower Condominium Owners Association v. Victaulic</u> case (the "<u>Benson</u> case") held their Rule 26 Conference on July 24, 2013, and are in the process of scheduling a Rule 16 Conference with Judge Simon. Due to the trial schedule of Victaulic's counsel, and subject to Judge Simon's calendar, the trial in the <u>Benson</u> case will not start until at least August 2014.

3. In the <u>Avenue Lofts Condominium Owners' Association v. Victaulic</u> case (the "<u>Avenue</u> case"), a Rule 26 Conference was conducted on July 31, 2013. Presumably, the <u>Avenue</u> case will not be set for trial in front of District Court Judge Brown until after the <u>Benson</u> case, likely sometime in September 2014.

The <u>Benson</u> Condominium contains only two of the three defective Victaulic products (the valves and couplings). The <u>Avenue</u> and <u>Edge</u> Condominiums contain, in addition to the valves and couplings, a defective Victaulic "press fit" product. Victaulic alleges components contained within the press fits were manufactured by different parties. Thus, the <u>Avenue</u>, <u>Benson</u> and <u>Edge</u> cases do not all have identical parties.

Victaulic's counsel initially raised the issue of centralization of these cases while participating in the Rule 26 Conference in the <u>Benson</u> case on July 24, 2013. In response,

Page 3 -   RESPONSE IN OPPOSITION TO VICTAULIC COMPANY AND F&S DISTRIBUTORS, INC.'S MOTIONS FOR CENTRALIZED PRE-TRIAL PROCEEDINGS*Avenue - Mtn for Cent Proc - Opposition (8-1-13).13160-002*

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

Plaintiff's counsel expressed a willingness to discuss coordinating discovery in the three cases. Victaulic and F&S' Motions request a far broader procedure. The three cases were not filed as class action lawsuits, yet Victaulic appears to be attempting to treat them as such for limited purposes, to the detriment of the plaintiffs in each case.

To the extent the Court agrees with Moving Parties' position and believes that centralization of these cases is appropriate, Plaintiff is under a duty to inform the Court that the Benson matter (currently assigned to Judge Simon) involves a former employee of Judge Mosman. Katie Lorenz is a unit owner in the Benson condominium and a member of the Plaintiff Owners Association in that case.

### RESPONSE TO VICTAULIC'S POINTS

Victaulic claims discovery issues in the Edge case can be expected to occur in the Benson and Avenue cases as well. Even if true, that does not support the conclusion that centralization of these cases is appropriate. Victaulic offers bullet point issues for which it is assumed it is requesting centralization. Plaintiff responds to each point as follows:

- **The timing and production of documents.**

    o Each case is on a different discovery track and involves different buildings, different Plaintiffs, different damages and different types of Victaulic products. It is anticipated that Victaulic will take the position that it can produce one set of documents for all the cases. On the other hand, Plaintiffs will be required to produce entirely different documents for each case. This is inherently unfair to Plaintiffs in each of the cases.

    o The parties have already agreed to the timing of production of documents in Edge. Plaintiffs have already produced documents in the Edge case and Victaulic has agreed to produce its documents upon entry of the Stipulated Protective Order.

    o Plaintiffs' responses to Victaulic's Request for Production of Documents are not yet due in either the Benson or Avenue cases.

Page 4 -   RESPONSE IN OPPOSITION TO VICTAULIC COMPANY AND F&S DISTRIBUTORS, INC.'S MOTIONS FOR CENTRALIZED PRE-TRIAL PROCEEDINGS*Avenue - Mtn for Cent Proc - Opposition (8-1-13).13160-002*

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

- **The manner in which documents are to be produced.**

    o Victaulic refuses to discuss entry of an e-Discovery Order. Victaulic has not agreed to the manner in which documents will be produced in Edge. Plaintiffs have already produced their documents in searchable PDF.

    o There has been no discussion between counsel regarding the manner of production in Benson or Avenue.

- **The timing and production of physical evidence.**

    o Victaulic has requested production of components removed from the Condominium in Edge. This issue is the subject of a Motion to Compel currently pending before this Court. Edge has a fact discovery cut-off of November 1, 2013.

    o The evidence (removed components) is different in each case. These cases involve three different buildings where repairs are at different stages. It would be inherently unfair for the Court to centralize physical evidence production by the Plaintiffs in the three different cases.

- **Whether an e-discovery order is warranted.**

    o Victaulic has refused to discuss an e-Discovery order in Edge. Plaintiffs have filed a Motion for Entry of an E-Discovery Order which is currently pending before the Court.

    o During the Rule 26 Conferences, Victaulic refused to discuss an e-Discovery order in Benson and there was no discussion about e-Discovery in the Avenue matter.

- **The protocol for destructive testing of the EPDM at issue in this matter.**

    o As noted above, the physical evidence (amount and type of removed components) is entirely different in each case.

    o Victaulic has never suggested a protocol for destructive testing.

- **Distribution of data from any destructive testing of the EPDM at issue.**

    o It is unclear what Victaulic is suggesting by this issue.

- **The scope of a protective order and/or non-disclosure agreement.**

    o The parties have agreed to the entry of a Stipulated Protective Order (including a Non-Disclosure Agreement) in the Edge case.

Page 5 -    RESPONSE IN OPPOSITION TO VICTAULIC COMPANY AND F&S DISTRIBUTORS, INC.'S MOTIONS FOR CENTRALIZED PRE-TRIAL PROCEEDINGS*Avenue - Mtn for Cent Proc - Opposition (8-1-13).13160-002*

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

- o Plaintiff suggested a Stipulated Protective Order in <u>Benson</u> prior to the Rule 26(f) Conference. Victaulic has not yet responded or requested modifications to the proposed Stipulated Protective Order.

- o There has been no proposal for a Protective Order in <u>Avenue</u>.

- **Challenges to a 'confidential' designation of documents by any party pursuant to a protective order.**

    - o As set forth above, the parties in the <u>Edge</u> case have already agreed to a Protective Order. The Protective Order contains provisions which specify how confidentiality challenges may be asserted.

- **Motions to dismiss pursuant to FRCP 12.**

    - o Victaulic is apparently requesting that one Judge rule on all pretrial substantive motions, after which each case will be sent back to a different District Court Judge for trial. This will require the Trial Judges to then become familiar with cases that they would not have presided over prior to the trial. It is submitted that this would do nothing to promote judicial economy but would likely result in additional and unnecessary work for the Trial Judges.

    - o Victaulic filed a Motion to Dismiss in <u>Edge</u> which is fully briefed and pending.

    - o Victaulic has not yet appeared in <u>Benson</u> or <u>Avenue</u> so it is unknown whether such motions will be made in those cases.

    - o In its Motion to Dismiss in the <u>Edge</u> case, Victaulic relies heavily on the argument that commercial space in the building impacts Plaintiffs' consumer claims. While the <u>Edge</u> Plaintiffs disagree with Victaulic's legal arguments, it is important to note that the <u>Avenue</u> and <u>Benson</u> Condominiums do not contain any commercial space. Thus, future Motions to Dismiss will not be identical and it cannot be legitimately asserted that a ruling in one case could be applied to all three cases.

    - o Third-Party Defendants have not yet appeared in the <u>Avenue</u> case, so it is unknown if they will file Motions to Dismiss.

- **Motions for summary judgment.**

    - o Victaulic is apparently requesting that one Judge rule on all pretrial substantive motions, after which each case will be sent back to a different District Court Judge for trial. This will require the Trial Judges to then become familiar with cases that they would not have presided over prior to the trial. It is submitted that this would do nothing to promote judicial economy but would likely result in additional and unnecessary work for the Trial Judges.

Page 6 -    RESPONSE IN OPPOSITION TO VICTAULIC COMPANY AND F&S DISTRIBUTORS, INC.'S MOTIONS FOR CENTRALIZED PRE-TRIAL PROCEEDINGS*Avenue - Mtn for Cent Proc - Opposition (8-1-13).13160-002*

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

- o The differences between each case, including the different physical evidence collected and presented by the experts, will bear on any summary judgment motion.

- **Motions to evaluate expert testimony pursuant to FRE 702, *Daubert*, 509 U.S. at 591, 113 S.Ct. 2795, and related cases.**

  - o For the reasons outlined above, Plaintiffs position is that it does not promote judicial economy to have one District Court Judge rule on *Daubert* issues with a different District Court Judge trying the case. Such a "centralization" would eventually require more (not less) work for the Court.

  - o There have been no expert disclosures in any of the cases.

  - o It is unknown at this time if the experts will be the same in all three cases.

  - o The factual differences between each case and the different physical evidence collected will bear on any future *Daubert* motions.

Finally, Victaulic neglects to inform the Court that the Edge, Benson and Avenue cases are not the only pending claims against Victaulic related to its defective products. Victaulic has received ORS 701.565 Right to Cure Notices related to, at least, three other Condominiums in Portland. Counsel for Plaintiff represent additional building owners with defective Victaulic products as well. Any attempt to "centralize" parts of the currently filed cases will not address the cases which will be filed in the next few months.

The three cases presently before the Court are separate cases, on separate tracks, with different judges. The cases should continue to be treated as such.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Motions for Centralized Pre-Trial Proceedings filed by Victaulic and F&S be denied.

/ / /

/ / /

Page 7 - RESPONSE IN OPPOSITION TO VICTAULIC COMPANY AND F&S DISTRIBUTORS, INC.'S MOTIONS FOR CENTRALIZED PRE-TRIAL PROCEEDINGS*Avenue - Mtn for Cent Proc - Opposition (8-1-13).13160-002*

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

DATED this 1st day of August, 2013.

LANDYE BENNETT BLUMSTEIN LLP

By: s/ Michelle K. McClure
Michelle K. McClure, OSB #953520
mmcclure@lbblawyers.com
Stuart K. Cohen, OSB #851738
scohen@lbblawyers.com
LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR 97201
Telephone: (503) 224-4100
Facsimile: (503) 224-4133

*Of Attorneys for Plaintiff*

Page 8 -   RESPONSE IN OPPOSITION TO VICTAULIC COMPANY AND F&S DISTRIBUTORS, INC.'S
           MOTIONS FOR CENTRALIZED PRE-TRIAL PROCEEDINGS*Avenue - Mtn for Cent Proc - Opposition (8-1-13).13160-002*

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

# CERTIFICATE OF SERVICE

I, the undersigned, of Landye Bennett Blumstein LLP, counsel for Plaintiff AVENUE LOFTS CONDOMINIUMS OWNERS' ASSOCIATION, do hereby certify that I have served all counsel in this action with a copy of the pleading(s) in the manner hereinbelow specified, to the following address(es):

Pleadings: **RESPONSE IN OPPOSITION TO VICTAULIC COMPANY AND F&S DISTRIBUTORS, INC.'S MOTIONS FOR CENTRALIZED PRE-TRIAL PROCEEDINGS**

Counsel Served:

*Via ECF filing*
**ANNE COHEN**, OSB#062405
acohen@smithfreed.com
**SHARLEI HSU,** OSB#120982
shsu@smithfreed.com
SMITH FREED & EBERHARD, P.C.
111 SW 5th Avenue, Suite 4300
Portland, OR 97204
(503) 227-2424
(503) 227-2535 Fax

Attorneys for Defendant/Third-Party Plaintiff VICTAULIC COMPANY, a foreign corporation

*Via ECF Filing*
**JOE R. TRAYLOR**, OSB#964412
jrt@hartwagner.com
**HOLLY PETTIT**, OSB #003526
hep@hartwagner.com
HART WAGNER, LLP
1000 S. W. Broadway, 20th Floor
Portland, OR 97205
(503) 222-4499
(503) 222-2301 Fax

Attorneys for Third-Party Defendant SEAL DYNAMICS, LLC

*Via ECF Filing*
**ERIC ("SKIP") WINTERS**, OSB #944669
winters@bodyfeltmount.com
**KIRSTIN L. ABEL**, OSB#035046
abel@bodyfeltmount.com
BODYFELT MOUNT, LLP
707 SW Washington, Suite 1100
Portland, OR 97205
(503) 243-1022
(503) 243-2019 Fax

Attorneys for Third-Party Defendant F&S DISTRIBUTORS, INC.

DATED: August 1, 2013        s/ Michelle K. McClure
                              MICHELLE K. McCLURE

Page 9 -    RESPONSE IN OPPOSITION TO VICTAULIC COMPANY AND F&S DISTRIBUTORS, INC.'S MOTIONS FOR CENTRALIZED PRE-TRIAL PROCEEDINGS*Avenue - Mtn for Cent Proc - Opposition (8-1-13).13160-002*

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)