---

**UNITED STATES DISTRICT COURT
DISTRICT OF OREGON**

---

Case No.   **3:13-cv-01066-BR**                                    Date: **February 22, 2016**

Case Title: **Avenue Lofts Condominiums Owner's Association v. Victaulic Company**

Presiding Judge:  **Anna J. Brown**                    Courtroom Deputy:  **Bonnie Boyer**
                                                                             Tele: (503) 326-8053
                                                                             e-mail: Bonnie_Boyer@ord.uscourts.gov

---

**DOCKET ENTRY:** Order

The Court has received and reviewed the parties' Joint Statement Concerning Remaining Discovery (#273).  In the exercise of its case-management discretion and keeping in mind the "proportionality" requirements of discovery under Federal Rule of Civil Procedure 26, the Court makes the following Orders:

The Court accepts Victaulic's rebutted representations in the Joint Statement that it agrees to provide the information sought in Plaintiff's Request for Production 401 and that it has already provided all of the information it has in response to Plaintiff's Request for Production 403.  Accordingly,  to the extent that Plaintiff requests an order requiring Victaulic to produce any further information in response to those Requests for Production, the Court **DENIES** Plaintiff's request.

The Court **DENIES** Plaintiff's request to strike portions of Victaulic's answers to Plaintiff's Interrogatories 31 and 32 because the Court finds Victaulic's alternative responses to those Interrogatories were for completeness and the combined responses to each can be read together to adequately form a complete response to each Interrogatory.

With respect to Plaintiff's objection to Victaulic's response to Plaintiff's Interrogatory 35, the Court finds Victaulic's response to be sufficient.  The Court did not intend to require Victaulic to search its records, correspondence, emails, and similar documents  in order to find "any" reference to complaints by any party who might allege issues with "black particles" because such discovery would not be proportional. Accordingly, the Court **DENIES** Plaintiff's request to strike Victaulic's response to Plaintiff's Interrogatory 35 and declines to Order Victaulic to supplement its response to that Interrogatory in the manner requested by Plaintiff.

The Court **DENIES with leave to renew** Plaintiff's Motion to Strike Victaulic's Newly Disclosed Experts contained in the parties' Joint Statement.  The Court **DIRECTS** the parties to confer as to this Motion contained in the parties' Joint Statement and to file a separate Joint Statement of Positions as to that issue including support for their positions **no later than March 7, 2016.** The Court will determine whether oral argument is required on the issue of Victaulic's expert reports after reviewing the parties' March 7, 2016, Joint Statement.