Skip Winters, OSB No. 944669
Email: winters@bodyfeltmount.com
Kirstin L. Abel, OSB No. 035046
Email: abel@bodyfeltmount.com
BODYFELT MOUNT LLP
319 SW Washington Street, Suite 1200
Portland, Oregon 97204
Telephone: (503) 243-1022
Facsimile: (503) 243-2019

Attorneys for Third-Party Defendant/Fourth-party Plaintiff F&S Distributors, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **AVENUE LOFTS CONDOMINIUMS OWNERS' ASSOCIATION,** an Oregon nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**VICTAULIC COMPANY**, a foreign corporation, **HOWARD W. WRIGHT CONSTRUCTION CO.**, a foreign corporation; **FERGUSON ENTERPRISES,** aka **FERGUSON ENTERPRISES, INC.**, a foreign corporation; and **MSI MECHANICAL SYSTEMS, INC.**, an Oregon corporation,<br><br>Defendants. | Case No. 3:13-cv-01066-BR<br><br>**MEMORANUDM IN SUPPORT OF THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF F&S DISTRIBUTORS INC.'S MOTION FOR SUMMARY JUDGMENT** |
| **VICTAULIC COMPANY**, a foreign corporation<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>**SEAL DYNAMICS**, a Florida corporation; and **F&S DISTRIBUTORS, INC**., a New Jersey corporation,<br><br>Third-Party Defendants. | |

Page - 1 MEMORANUDM IN SUPPORT OF THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF F&S DISTRIBUTORS INC.'S MOTION FOR SUMMARY JUDGMENT

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

**F&S DISTRIBUTORS, INC**., a New Jersey corporation,

       Fourth-Party Plaintiff,

       v.

**NATIONAL O-RING** dba **HUTCHINSON SEAL CORP.**, a Delaware corporation; and **HUTCHINSON SEAL CORP**., a Delaware corporation,

       Fourth-Party Defendants.

## I.   INTRODUCTION

Third-party defendant F&S Distributors, Inc., (hereinafter "F&S") seeks an order granting summary judgment on all claims against it. The issues against F&S have previously been decided by a jury and are therefore precluded. F&S also incorporates by reference any applicable arguments and authorities raised by co-third party defendant Seal Dynamics, Inc., in its Motion for Summary Judgment.

## II.   FACTUAL BACKGROUND

Plaintiffs, the Avenue Lofts Condominium Owners' Association (hereinafter "Avenue"), filed this product liability case against defendant Victaulic Company (hereinafter "Victaulic") for allegedly manufacturing, marketing, selling and supplying defective valves, pipe couplings, gaskets and fittings for use in potable water systems. (3rd Am Compl, ¶¶ 16, 28, 34, 42). Victaulic manufactured and sold a product called "Pressfit" that was utilized in the construction of the plumbing system at Avenue.[1] Pressfit products contained o-rings (hereinafter "o-rings").

Plaintiffs allege that Pressfit Victaulic products installed at Avenue leaked causing damage to the property. According to plaintiffs, these leaks occurred because the

---

[1] Though there are several Victaulic products at issue in this litigation, the only product relevant to F&S is the Pressfit. There is no allegation that F&S supplied Victaulic with any product, other than O-rings for the Pressfit system.

Page - 2 MEMORANUDM IN SUPPORT OF THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF F&S DISTRIBUTORS INC.'S MOTION FOR SUMMARY JUDGMENT

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

Victaulic products, including the Pressfit products, were defective. (3rd Am Compl, ¶¶ 16, 28, 34, 42).

From the early 1990s until approximately June 14, 2002, F&S was one of the distributors who supplied Victaulic with 1 ½ inch o-rings for use in the Pressfit system. (Abel Dec., Ex. 1 King Dec, ¶2). From the early 1990s until approximately October 27, 2004, F&S was one of the distributors who supplied Victaulic with 1 inch o-rings for use in the Pressfit system. *Id.* at ¶3. Victaulic did not purchase any o-rings from F&S for use in Pressfit products after October 27, 2004. *Id.* at ¶4. F&S did not manufacture or test the o-rings supplied to Victaulic. *Id.* at ¶5. Likewise, F&S did not develop the specifications or formula for the o-rings it supplied to Victaulic. *Id.* at ¶6. F&S was simply in the business of putting an o-ring buyer (Victaulic) in touch with an o-ring manufacturer (National O-Ring). *Id.* at ¶7.

On July 23, 2013, Victaulic filed a third-party complaint against F&S, based on theories of common law indemnity and contribution, and alleging that if it is liable to plaintiff, then F&S is liable to it on each of the allegations made by plaintiff, and that any liability should pass through to third-party defendants F&S and Seal Dynamics, Inc.[2]

Prior to filing the Avenue case, a different set of condominium owners brought suit against Victaulic in a case titled *Edge Lofts Master Condominium Association et al. v. Victaulic Company,* filed in the United States District Court for the District of Oregon, Case No. 3:13-cv-00492-MO (hereinafter "*Edge Lofts*"). In that case, plaintiffs made the same allegations as they does here; that Victaulic manufactured, marketed, sold and supplied defective valves, pipe couplings, gaskets and fittings for use in potable water systems. The Pressfit system is among those products. In turn, Victaulic brought a third-party

---

[2] Plaintiffs' claims against Victaulic have narrowed significantly since the time of their initial pleadings and only the strict liability, negligence and breach of express warranty claims remain in the Third Amended Complaint. Victaulic has not yet amended its Third-Party Complaint against F&S, but F&S understands Victaulic will only pursue claims corresponding to the theories remaining against Victaulic.

Page - 3 MEMORANUDM IN SUPPORT OF THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF F&S DISTRIBUTORS INC.'S MOTION FOR SUMMARY JUDGMENT

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

complaint against F&S, based on theories of common law indemnity and contribution, alleging that if it was liable to plaintiff, then F&S was liable to it on each of the allegations made against it, and that any liability should pass through to third-party defendants F&S and Seal Dynamics, Inc., - the identical theories of recovery alleged here.

In May 2014, nearly a year after the present case was initially filed, the *Edge Lofts* case was tried to a jury. After hearing all of the evidence presented to them over the course of nine days, the jury found entirely in F&S and Seal Dynamics' favor on the claims against them. (Abel Dec., Ex. 2).

A jury has previously determined all of the issues presented against F&S and Victualic should not be permitted to try the issues again through a different plaintiff's case. The doctrine of issue preclusion entitles F&S to summary judgment as a matter of law.

### III.   STANDARD OF REVIEW

Under Federal Rule of Procedure 56(c), summary judgment may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden is initially on the moving party to show an absence of an issue of material fact. *Rivera v. Phillip Morris, Inc.,* 395 F3d 1142, 1146 (9th Cir 2005). Once the moving party has done so, the burden shifts to the non-moving party to go beyond the pleadings and demonstrate that there is an issue of material fact. *Id.*

Generally, a party is precluded from relitigating a previously litigated case because doing so would violate the principles of collateral estoppel, or issue preclusion. Issue preclusion advances the dual purposes of foreclosing relitigation of the same issues with the same parties, and promoting judicial economy. *Parklane Hosiery, Co., v. Shore,* 439 US 322, 326, 99 S Ct 645 (1979). "Basic principles" of issue preclusion dictate that a judgment on any issue that is actually litigated and determined, and is essential to the judgment, is conclusive in a subsequent action. *Cooper v. Federal Reserve Bank,* 467 US

Page - 4 MEMORANUDM IN SUPPORT OF THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF F&S DISTRIBUTORS INC.'S MOTION FOR SUMMARY JUDGMENT

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

867, 874, 104 S Ct 2794 (1984).  *See also, Lawlor v. Nat'l Screen Service Corp.,* 349 US 322, 326, 75 S Ct 865 (1955) (when a judgment on the merits in a prior suit has occurred, there will be no relitigation of any issues actually litigated and determined in the prior suit). The impact of the earlier litigation is that the issues of fact are undisputed for purposes of summary judgment.  *Ayers v. City of Richmond,* 895 F2d 1267, 1270-72 (9th Cir. 1990). Without this doctrine, a claimant would have more than one opportunity to litigate the same issue, and a defendant's "time and money are diverted from alternative uses – productive or otherwise – to relitigation of a decided issue."  *Parklane,* 439 US at 328, *quoting, Blonder-Tongue Lab., Inc., v. University of Ill. Found.,* 402 US 313, 329, 91 S Ct 1434 (1971).

### IV.   MEMORANDUM OF LAW

   **A. There is no genuine issue of material fact left for the jury to decide on Victaulic's claims against F&S for negligence and products liability and F&S is entitled to summary judgment in its favor.**

As set forth above, issue preclusion is appropriate when an issue has previously been: 1) actually litigated and determined; and 2) is essential to the judgment.

   a.  The issues against F&S were actually litigated.

Victaulic asserted two claims against F&S at the *Edge Lofts* trial.  First, that F&S was strictly liable for supplying materials "in a defective condition, which condition was unreasonably dangerous."  (Abel Dec., Ex. 3, p. 10, ¶51).  Second, that F&S' "negligence was the cause of any damage to Victualic."  (Abel Dec., Ex. 3, p. 11, ¶56). Victaulic has asserted the same two claims against F&S in this case.  First, that F&S was strictly liable for supplying materials "in a defective condition, which condition was unreasonably dangerous."  (Abel Dec., Ex. 4, p. 11, ¶51).  Second, that F&S' "negligence was the cause of any damage to Victualic."  (Abel Dec., Ex. 4, p. 12, ¶56).  In fact, the

Page - 5 MEMORANUDM IN SUPPORT OF THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF F&S DISTRIBUTORS INC.'S MOTION FOR SUMMARY JUDGMENT

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

sections of the Third-Party Complaints alleging strict liability and negligence against F&S in the two cases, are identical, even down to the paragraph numbering.

With respect to F&S, the questions for the jury at trial in this case will be whether F&S was negligent, and whether it supplied Victaulic with defective O-rings - the same questions the jury was asked to determine at the *Edge Lofts* trial. In response to those questions at the *Edge Lofts* trial, the jury found in F&S' favor.

The present claims against F&S were actually litigated by Victaulic, and determined by a jury. Victualic should be precluded from relitigating the same issues against F&S in this case because they had a full and fair opportunity to litigate them in the *Edge Lofts* case.

    b. The issues determined by the jury were essential to the judgment.

Again, the jury determined that F&S neither supplied Victaulic with a defective product, nor was negligent. The determination of those fact questions was essential to the judgment in favor of F&S.

> **B. Victaulic's Breach of Express Warranty Claim also fails because it requires a finding that F&S supplied a defective product, and a jury has already decided the F&S supplied products were not defective.**

Though the jury in *Edge Lofts* did not consider a breach of express warranty claim by Victaulic against F&S, the jury determined the o-rings F&S supplied to Victaulic were not defective under the strict liability claim. (Abel Dec., Ex. 2, p. 3). In order to pursue a breach of express warranty claim, Victaulic must prove F&S supplied defective O-rings. The jury's decision in *Edge Lofts* therefore precludes any further determination on the breach of express warranty claim asserted here.

/ / /

/ / /

Page - 6 MEMORANUDM IN SUPPORT OF THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF F&S DISTRIBUTORS INC.'S MOTION FOR SUMMARY JUDGMENT

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

## V. CONCLUSION

F&S is entitled to summary judgment on Victaulic's claims because F&S already received a judgment in its favor on these claims. Victaulic is precluded from relitigating the claims against F&S. F&S respectfully requests the court grant its motion for summary judgment.

Dated this 18th day of March, 2016.

**BODYFELT MOUNT LLP**


BY: /s/ *Kirsten L. Abel*
Skip Winters, OSB No. 944669
Email: winters@bodyfeltmount.com
Kirstin L. Abel, OSB No. 035046
Email: abel@bodyfeltmount.com
Phone: (503) 243-1022
Fax: (503) 243-2019

Attorneys for Third-Party Defendant/Fourth-party Plaintiff F&S Distributors, Inc.

Page - 7 MEMORANUDM IN SUPPORT OF THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF F&S DISTRIBUTORS INC.'S MOTION FOR SUMMARY JUDGMENT

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing **MEMORANDUM IN SUPPORT OF THIRD-PARTY DEFENDANT/FOURTH-PARTY PLAINTIFF F&S DISTIBUTORS INC.'S MOTION FOR SUMMARY JUDGMENT** on the following attorneys on the date noted below via the following method:

| | |
|---|---|
| Michelle K. McClure<br>Stuart K. Cohen<br>Landye Bennett Blumstein LLP<br>1300 SW 5th Avenue, Suite 3500<br>Portland, OR 97201<br>scohen@lbblawyers.com<br>mmcclure@lbblawyers.com<br><br>*Of Attorneys for Plaintiff* | Richard N. Sieving<br>Jennifer L. Snodgrass<br>The Sieving Law Firm A.P.C.<br>100 Howe Avenue, Suite 220<br>Sacramento, CA 95825<br>rsieving@sievinglawfirm.com<br>jsnodgrass@sievinglawfirm.com<br><br>*Of Attorneys for Plaintiff* |
| Joe R. Traylor<br>Holly E. Pettit<br>Hart Wagner LLP<br>1000 SW Broadway, Suite 2000<br>Portland OR 97205<br>JRT@hartwagner.com<br>hep@hartwagner.com<br><br>*Of Attorneys for Seal Dynamics* | Anne Cohen<br>Sharlei Hsu<br>Smith Freed & Eberhard PC<br>111 SW 5th Avenue, 43rd Floor<br>Portland, OR 97204<br>acohen@smithfreed.com<br>shsu@smithfreed.com<br><br>*Of Attorneys for Defendant/Third-Party Plaintiff Victaulic* |
| Aukjen Ingraham<br>Schwabe, Williamson & Wyatt, PC<br>Pacwest Center<br>1211 SW 5th Avenue, Suite 1900<br>Portland, OR 97204<br>aingraham@schwabe.com<br><br>*Of Attorneys for Howard S. Wright* | James M. Daigle<br>Jesse C. Ormond<br>Stewart Sokol & Larkin, LLC<br>2300 SW 1st Avenue, Suite 200<br>Portland, Oregon 97201-5047<br>jmdaigle@lawssl.com<br>jormond@lawssl.com<br><br>and<br><br>David A. Hytowitz<br>Robin Hopkins<br>Law Offices of Kathryn R. Morton<br>PO Box 4400<br>Portland, OR 97208-444<br>david.hytowitz@libertymutual.com<br>robin.hopkins@libertymutual.com |

| | |
|---|---|
| Page 1 CERTIFICATE OF SERVICE | BODYFELT MOUNT LLP<br>Attorneys At Law<br>319 SW Washington Street, Suite 1200<br>Portland OR 97204<br>Phone: 503-243-1022 Fax: 503-243-2019 |

|  | *Of Attorneys for MSI Mechanical Systems, Inc.* |
|---|---|

Method:  ☐ US Mail, postage prepaid
☐ Email
☐ Hand Delivery
☒ CM/ECF

Dated this 18th day of March, 2016.

BY: */s/ Kirstin L. Abel*
Skip Winters, OSB No. 944669
Email: winters@bodyfeltmount.com
Kirstin L. Abel, OSB No. 035046
Email: abel@bodyfeltmount.com
Phone: (503) 243-1022
Fax: (503) 243-2019

Attorneys for Third-Party Defendant/Fourth-party Plaintiff F&S Distributors, Inc.

Page 2 CERTIFICATE OF SERVICE

BODYFELT MOUNT LLP
Attorneys At Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019