James M. Daigle, OSB #942843
jmdaigle@lawssl.com
Thomas A. Larkin, OSB #923623
tlarkin@lawssl.com
Jesse C. Ormond, OSB #094640
jormond@lawssl.com
Mario R. Nicholas, OSB #141663
mnicholas@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
Telephone: (503) 221-0699
Facsimile: (503) 223-5706

*Attorneys for Defendants MSI Mechanical Systems, Inc. and Howard S. Wright Construction Co.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AVENUE LOFTS CONDOMINIUMS OWNERS' ASSOCIATION**, an Oregon nonprofit corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**VICTAULIC COMPANY**, a foreign corporation; **HOWARD S. WRIGHT CONSTRUCTION CO.**, a foreign corporation; **FERGUSON ENTERPRISES, INC. aka FERGUSON ENTERPRISES, INC.**, a corporation of Virginia, a foreign corporation; and **MSI MECHANICAL SYSTEMS, INC.**, an Oregon corporation,<br><br>　　　　　　　　　　　　Defendants.<br><br>**VICTAULIC COMPANY**, a foreign corporation,<br><br>　　　　　　　　　　Third-Party Plaintiff,<br><br>　v. | Case No. 3:13-cv-01066-MO<br><br>**DEFENDANTS MSI MECHANICAL SYSTEMS, INC.'S AND HOWARD S. WRIGHT CONSTRUCTION CO.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS**<br><br>**(Subject to Protective Order)** |

DEFENDANTS MSI MECHANICAL SYSTEMS, INC.'S AND HOWARD S. WRIGHT CONSTRUCTION CO.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS - 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

**SEAL DYNAMICS**, a Florida corporation; and **F&S DISTRIBUTORS, INC.**, a New Jersey corporation,

        Third-Party Defendants.

**F&S DISTRIBUTORS, INC.**, a New Jersey corporation,

        Fourth-Party Plaintiff,

    v.

**NATIONAL O-RING dba HUTCHINSON SEAL CORP.**, a Delaware corporation; and **HUTCHINSON SEAL CORP.**, a Delaware corporation,

        Fourth-Party Defendants.

Defendants MSI Mechanical Systems, Inc. ("MSI") and Howard S. Wright Construction Co. ("HSW") (collectively "Contractors") submit this reply memorandum in support of Contractors' Motion to Dismiss and, in the Alternative, Motion for Leave to File Dispositive Motions ("Motion to Dismiss").

## INTRODUCTION

Plaintiff Avenue Lofts Condominiums Owners' Association (the "Association") ignores the following dispositive issues:

1. The *Association* destroyed subject-matter jurisdiction when it joined non-diverse Defendant MSI to this action;

2. MSI is a necessary and indispensable party to the Association's claims against HSW because:

    a. MSI has a legally-protected interest in the finality of a judgment against HSW;

    b. MSI faces duplicative attorney fees if the Court dismisses only MSI;

    c. MSI faces the risk of inconsistent judgments if the Court dismisses only MSI;

DEFENDANTS MSI MECHANICAL SYSTEMS, INC.'S AND HOWARD S. WRIGHT CONSTRUCTION CO.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS - 2

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

      d. MSI faces the risk of collateral estoppel and/or res judicata if the Court dismisses only MSI;

      e. The Association wants two bites at the apple against Contractors in two separate courts;

3. The Court cannot preserve jurisdiction by dismissing only MSI; and

4. The Court may preserve jurisdiction only by dismissing Contractors without prejudice.

The Association does not address the substance of Contractors' Motion to Dismiss. Rather, the Association wrongly contends that (1) the Court lost jurisdiction over MSI when HSW dismissed cross claims; (2) MSI is not a necessary and indispensable party; and (3) HSW cannot request dismissal from this action. Contractors reply to these unsupported statements, in turn, below.

## DISCUSSION

### I.   The Association's First Argument Fails Because the Association Destroyed Subject-Matter Jurisdiction.

The Association's claim that this Court "lost jurisdiction over MSI" when HSW dismissed cross claims fails for multiple reasons. *See* (D.E. 316 at 4).

*First*, the Association destroyed subject-matter jurisdiction when it joined MSI as a **defendant** to this action. *See* (D.E. 144). The Association, not HSW, named MSI, a non-diverse party, as a defendant to a federal action premised entirely on diversity jurisdiction. (D.E. 144). Diversity jurisdiction requires <u>complete</u> diversity between plaintiff and defendants. 28 U.S.C. § 1332(a); *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 679 (9th Cir. 2006). Here, the Association destroyed subject-matter jurisdiction the moment it joined MSI to this action.

///

///

DEFENDANTS MSI MECHANICAL SYSTEMS, INC.'S AND HOWARD S. WRIGHT CONSTRUCTION CO.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS - 3

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

<a>
</a>

*Second,* subject-matter jurisdiction concerns the entire action, not individual parties or claims.[1] "[T]he presence [of a single non-diverse party] in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction **over the entire action**." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 US 546, 553 (2005) (emphasis added). The Association's statement that subject-matter jurisdiction applies only to certain parties or claims contradicts established law.

*Finally,* the Association does not provide any supporting authority that applies to this case. The Association cites, without explanation, Fed. R. Civ. P. 14 in support of its declaration that "the court had jurisdiction over MSI when HSW asserted cross claims . . . ." (D.E. 316 at 4). Rule 14, however, concerns third-party impleader practice. Here, the Association filed direct claims against non-diverse MSI as a **defendant**. (D.E. 144). Rule 14 does not apply.

Similarly, the Association's "supporting" cases concern an entirely different procedural posture. The Association cites three cases, without explanation, that never reference cross claims. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 382-83 (1978) (discussing third-party impleader); *Field v. Volkswagenwerk AG,* 626 F.2d 293, 298 (3rd Cir. 1980) (same); *Pasco Int'l (London) Ltd. V. Stenograph Corp.,* 637 F.2d 496, 503 (7th Cir. 1980) (same). And even these limited cases acknowledge the critical distinction between direct and third-party claims for diversity purposes. *Kroger*, 437 U.S. at 382-83 (1978) ("Since the plaintiff in such a case *does not bring the third-party defendant into the suit*, however, there is no occasion for *deliberate circumvention of the diversity requirement*, absent collusion with the defendant.") (emphasis added)

---

[1] The Association concedes that "[t]his Court does not have subject matter jurisdiction **over the claims against MSI**." (D.E. 285 ¶ 11) (emphasis added).

DEFENDANTS MSI MECHANICAL SYSTEMS, INC.'S AND HOWARD S. WRIGHT CONSTRUCTION CO.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS - 4

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

(White, J. dissenting).[2]

## II. The Association's Second Argument Fails Because MSI is a Necessary and Indispensable Party to the Association's Claims Against HSW.

MSI is a necessary and indispensable party to the Association's claims against HSW for the reasons stated in Contractors' Motion to Dismiss. *See* (D.E. 295 at 11-13). The Association does not respond to *any* of these points. Instead, the Association makes a single statement that MSI may "protect itself from inconsistent results" based on MSI's indemnification of HSW. (D.E. 316 at 4). This statement, however, ignores MSI's exposure to duplicative attorney fees, the risk of inconsistent judgments and the implications of res judicata or collateral estoppel. *See* (D.E. 295 at 12). The Association also disregards the prejudice to MSI set forth in Contractors' Motion to Dismiss. *See* (D.E. 295 at 11-13).

Critically, the Association fails to apply the facts of this case to the *multiple factors* under Fed. R. Civ. Pro. 19 that determine whether a party is necessary or indispensable. The Association cites only limited case law (primarily from other jurisdictions) that concern an entirely different procedural posture, or that simply provide the basic tests and remedies available to the Court.[3] The Association avoids applying the law to the facts of this case because the facts confirm that MSI is a necessary and indispensable party to the Association's claims against HSW. *See* (D.E. 295 at 11-13).

---

[2] Although this statement was written in dissent, it describes the majority's position. 437 U.S. at 377 ("To allow the requirement of complete diversity to be circumvented as it was in this case would simply flout the congressional command.").

[3] None of the Association's cases involve one party requesting the right to file identical claims against intimately connected defendants in two separate courts. *See, generally, Kroger,* 437 U.S. at 365; *Field,* 626 F.2d at 293; *Pasco,* 637 F.2d at 496; *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5 (U.S. 1990); *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567 (U.S. 2004); *Johnson v. Welsh Equip., Inc.,* 518 F.Supp. 2d 1080 (D. Minn. 2007).

DEFENDANTS MSI MECHANICAL SYSTEMS, INC.'S AND HOWARD S. WRIGHT CONSTRUCTION CO.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS - 5

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

### III. The Association's Third Argument Fails Becaue the Court May Only Preserve Jurisdiction by Dismissing Both Contractors.

The Association's argument that HSW cannot request dismissal is both false and (again) ignores the substance of Contractors' Motion to Dismiss. Contractors' motion presents three simple points:

1. This Court does not have subject-matter jurisdiction;

2. Accordingly, the Court must dismiss the action *or* fashion a remedy that preserves jurisdiction and minimizes prejudice; and

3. The Court may preserve jurisdiction and minimize prejudice ***to all parties*** by dismissing Contractors ***without prejudice***.

The Court cannot dismiss only MSI because MSI is a necessary and indispensable party to the Association's claims against HSW. *See* (D.E. 295 at 11-13). Conversely, Contractors may be removed from the Association's three-year old products liability case against Victaulic Company with minimal prejudice to all parties. *Id.*

### CONCLUSION

The Court should dismiss Contractors without prejudice to preserve jurisdiction over the Association's three-year old products liability case against Victaulic Company. Dismissal of Contractors without prejudice minimizes prejudice to all parties involved.

///
///
///
///
///
///
///
///

DEFENDANTS MSI MECHANICAL SYSTEMS, INC.'S AND HOWARD S. WRIGHT CONSTRUCTION CO.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS - 6

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Alternatively, and at minimum, the Court should dismiss MSI and grant HSW's motion for leave to file dispositive motions. The Association does not oppose this alternative request.

DATED this 18th day of April, 2016.

        STEWART SOKOL & LARKIN LLC

        By: *s/ Jesse C. Ormond*
           James M. Daigle, OSB #942843
           jmdaigle@lawssl.com
           Thomas A. Larkin, OSB #923623
           tlarkin@lawssl.com
           Jesse C. Ormond, OSB #094640
           jormond@lawssl.com
           Mario R. Nicholas, OSB #141663
           mnicholas@lawssl.com
           *Attorneys for Defendants MSI Mechanical Systems, Inc. and Howard S. Wright Construction Co.*

DEFENDANTS MSI MECHANICAL SYSTEMS, INC.'S AND HOWARD S. WRIGHT CONSTRUCTION CO.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS - 7

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS MSI MECHANICAL SYSTEMS, INC.'S AND HOWARD S. WRIGHT CONSTRUCTION CO.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS** on:

Richard N. Sieving, *Pro Hac Vice*
Jennifer L. Snodgrass
Michelle K. McClure
The Sieving Law Firm, A.P.C.
100 Howe Avenue, Suite 220N
Sacramento, CA  95825
Email:  rsieving@sievinglawfirm.com
            jsnodgrass@sievinglawfirm.com
            mmcclure@sievinglawfirm.com
*Co-Attorneys for Plaintiff and Counter Defendant*

Stuart K. Cohen
Landye Bennett Blumstein LLP
1300 Southwest Fifth Avenue, Suite 3500
Portland, Oregon  97201-5641
Email:   scohen@lbblawyers.com
*Co-Attorneys for Plaintiff*

Anne Cohen
Sharlei Hsu
Smith Freed & Eberhard
111 SW Fifth Avenue, Suite 4300
Portland, OR  97204
Email:   acohen@smithfreed.com
            shsu@smithfreed.com
*Co-Attorneys for Defendant/Third-Party Plaintiff/Counter Claimant Victaulic Co. and Defendant Ferguson Enterprises*

Colin T. Kemp
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Email:   colin.kemp@pillsburylaw.com
*Co-Attorneys for Defendant/Third-Party Plaintiff/Counter Claimant Victaulic Co. and Defendant Ferguson Enterprises*

Robin Hopkins
David Hytowitz
Law Offices of Kathryn R. Morton
PO Box 4400
Portland, OR  97208
Email:  robin.hopkins@libertymutual.com
            David.hytowitz@libertymutual.com
*Co-Attorneys for Defendant MSI Mechanical Systems, Inc.*

Barry W. Dod
Elkins, Zipse & Mitchell
4380 SW Macadam Ave., Suite 350
Portland, OR  97208
Email: barry.dod@farmersinsurance.com
*Co-Attorneys for Defendant MSI Mechanical Systems, Inc.*

///

///

///

///

CERTIFICATE OF SERVICE - 1

7833.013-01432423; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

| | |
|---|---|
| Holly E. Pettit<br>Joe R. Traylor<br>Hart Wagner, LLP<br>1000 SW Broadway, Suite 2000<br>Portland, OR  97205<br>Email: hep@hartwagner.com<br>         jrt@hartwagner.com<br>*Attorneys for Third-Party Defendant Seal Dynamics* | Eric "Skip" Winters<br>Kirstin L. Abel<br>Bodyfelt Mount LLP<br>319 SW Washington Street, Suite 1200<br>Portland, OR  97204<br>Email: winters@bodyfeltmount.com<br>         abel@bodyfeltmount.com<br>*Attorneys for Third-Party Defendant/Fourth-Party Plaintiff F&S Distributors, Inc.* |

Joseph D. Jean
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10046
Email:   joseph.jean@pillsburylaw.com
*Co-Attorneys for Defendant/Third-Party Plaintiff/Counter Claimant Victaulic Co. and Defendant Ferguson Enterprises*

by the following indicated method or methods:

☑        by **E-filing** a full, true and correct copy thereof to the attorney, as shown above, at the electronic mail address reflected on the court's CM/ECF system, on the date set forth below.

DATED this 18th day of April, 2016.

STEWART SOKOL & LARKIN LLC

By: */s/ Jesse C. Ormond*
    James M. Daigle, OSB #942843
    jmdaigle@lawssl.com
    Thomas A. Larkin, OSB #923623
    tlarkin@lawssl.com
    Jesse C. Ormond, OSB #094640
    jormond@lawssl.com
    Mario R. Nicholas, OSB #141663
    mnicholas@lawssl.com
    *Attorneys for Defendants MSI Mechanical Systems, Inc. and Howard S. Wright Construction Co.*

CERTIFICATE OF SERVICE - 2

7833.013-01432423; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706